Sara J. Lipowitz (SBN 209163)
Law Office of Sara J. Lipowitz
303 Potrero St., #50
Santa Cruz, CA 95060
P: 831-427-0546
F: 831-427-0530
saral@lipowitzsolutions.com

Filed
SEP 10 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
### San Jose Division

Donna L. Moore,

   Plaintiff,

v.

Equifax Information Services LLC,

   Defendant.

Case No.: CV12-04713

**COMPLAINT**
**JURY TRIAL DEMANDED**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. [...] U.S.C. §1681 et seq.

2. This action arises out of Defendant's violations of [...] Reporting Act, 15 U.S.C. § 1681 ("FCRA"), and Defendant's inaccurate and derogatory credit reporting arising from a known "mixed file" circumstance entirely within the control of Defendant.

COMPLAINT                                  1

## PARTIES

3. Plaintiff Donna L. Moore is a natural person who resides in the City of Santa Cruz, State of California and is a consumer as that term is defined by 15 U.S.C. 1681a(c).

4. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a foreign corporation, which was incorporated under the laws of Georgia and authorized to do business in the State of California. It is a consumer credit reporting agency as defined by 15 U.S.C. §1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §1681a(d) of the Act, to third parties.

## FACTUAL ALLEGATIONS

5. In or about December of 2011, Plaintiff contacted Everbank regarding a house mortgage refinance and was turned down because of excessive financial obligations.

6. In response to this denial of credit, Plaintiff purchased her credit reports from the three national credit reporting agencies (CRAs).

7. Upon reviewing her credit history, Plaintiff realized that only Defendant Equifax had combined certain data of her credit history with that of another individual, Lisa Butner of Massachusetts.

8. Upon information and belief Defendant had notice that the following items were

not Plaintiff's but regardless published and represented to Plaintiff's current and potential creditors that these were hers:

a) In the Personal Information section the AKA Lisa Butner was wrong;

b) In the Personal Information section the Year of Birth as 1961 was not accurate;

c) In the Personal Information section the 1st Address of PO BOX 41, North Reading, MA 01864 was inaccurate;

d) In the Personal Information section the 2nd Address 440 Park St, North Reading, MA 01864 was inaccurate;

e) In the Personal Information section the Current Employer titled International House of Pancakes was not Plaintiff's current employer;

f) In the Credit Cards, Loans & Other Debt section, the American Express information with acct #-349991803817XXXX and acct #-49991615843XXX were not Plaintiff's accounts;

g) In the Credit Cards, Loans & Other Debt section, the Bank of America, N.A with acct #373XXXX was not Plaintiff's account;

h) In the Credit Cards, Loans & Other Debt section, the Capital One Bank USA with acct #54663024XXXX was not Plaintiff's account;

i) In the Credit Cards, Loans & Other Debt section, the Chase Bank USA, NA with acct #41858725XXXX and acct #42668410XXXX were not Plaintiff's accounts;

j) In the Credit Cards, Loans & Other Debt section, the GECRB/BANANA REPUBLI with acct #60185900XXXX account status, Open, was inaccurate (that account had been closed for more than seven years);

k) In the Credit Cards, Loans & Other Debt section, the GECRB/LOWES with acct #79819242XXXX was not Plaintiff's account;

l) In the Credit Cards, Loans & Other Debt section, the GECRB/MERVYN'S with acct #60458911XXXX account status, Open, was not accurate (that account had been closed for more than seven years);

m) In the Credit Cards, Loans & Other Debt section, the GECRB/TJX CO with acct #604585200799XXXX was not Plaintiff's account;

n) In the Credit Cards, Loans & Other Debt section, the Gottschalk's Dept with acct #80039XXXX and HSBC Gottschalks acct #247604-080039XXXX (same account listed twice) account status, Open, were inaccurate (the Gottschalks account had been closed for more than seven years);

o) In the Credit Cards, Loans & Other Debt section, the HSBC BANK with acct #41001833XXXX was not Plaintiff's account;

p) In the Credit Cards, Loans & Other Debt section, the Metro Credit Union with acct #707925XXXX, and acct #992370XXXX were not Plaintiff's accounts;

q) In the Credit Cards, Loans & Other Debt section, the Patelco Credit Union with acct #1365XXXX was inaccurate;

COMPLAINT 4

r) The Monthly Payment for the Real Estate account was listed as $2,365.00, which was incorrect -- the correct Monthly Payment was $2,257.00, as indicated correctly by both Experian and Trans Union;

s) In the Credit Cards, Loans & Other Debt section, the US BANK with acct #41478085XXXX was not Plaintiff's account;

t) In the Credit Cards, Loans & Other Debt section, the Barclays Bank Delaware with acct #48689600XXXX and acct #51402188XXXX were not Plaintiff's accounts;

u) In the Credit Cards, Loans & Other Debt section, the Capital One Bank USA with acct #40369423XXXX was not Plaintiff's account;

v) In the Credit Cards, Loans & Other Debt section, the Chase with acct #908530182XXXX was not Plaintiff's account;

w) In the Credit Cards, Loans & Other Debt section, the Chase – Pier 1 with acct #588896420389XXXX was not Plaintiff's account;

x) In the Credit Cards, Loans & Other Debt section, the Chase Bank USA, NA with acct #41858727XXXX was not Plaintiff's account;

y) In the Credit Cards, Loans & Other Debt section, Citicards CBNA with acct #54241804XXXX was not Plaintiff's account;

z) In the Credit Cards, Loans & Other Debt section, Discover Financial with acct #60110011XXXX was not Plaintiff's account;

aa) In the Credit Cards, Loans & Other Debt section, First USA Bank with acct

COMPLAINT 5

#54171271XXXX was not Plaintiff's account;

bb) In the Credit Cards, Loans & Other Debt section, Massachusetts State with acct #2252678XXXX was not Plaintiff's account;

cc) In the Credit Cards, Loans & Other Debt section, Metro Credit Union with acct #703726XXXX, acct #703313XXX, acct #701704XXXX, acct #18842XXX, acct #13513XXX, and acct #10585XXXX were not Plaintiff's accounts;

dd) In the Credit Cards, Loans & Other Debt section, RBS Card Services with acct #55451401XXXX was not Plaintiff's account;

ee) In the Credit Cards, Loans & Other Debt section, Sears/Citibank CBNA with acct #51210796XXXX was not Plaintiff's account; and

ff) In the Credit Cards, Loans & Other Debt section, Universal CD CBNA with acct #54911300XXXX was not Plaintiff's account.

9. In or about December 2011, Plaintiff called Equifax at the number on the credit report to "dispute" these obvious errors and was instructed by the Equifax representative over the phone to fax a copy of her Social Security card and driver's license to 888-826-0573, which Plaintiff did.

10. Plaintiff confirmed that the fax was received by Defendant.

11. In a few days after the phone call and faxing, Plaintiff contacted Defendant Equifax by phone to follow up on the faxed information and was told by Equifax that Plaintiff's fax was not recorded as received by Equifax.

12. On January 11, 2012, Plaintiff again faxed her information to Defendant at 888-826-0573. Plaintiff again confirmed the fax had been received by Defendant. She called a few days later to be informed by Equifax that there again was no record of receipt of the 2nd fax.

13. Though an Equifax representative suggested that Plaintiff should fax her request a third time, on January 25th, 2012, she instead sent a dispute letter with the 28 page merged credit report dated January 11, 2012 to Equifax by registered mail bearing number RA789859653US, identifying which accounts and information did not belong to her.

14. According to United States Postal Services Records, on February 6, 2012 in Atlanta, GA, an Equifax employee named Jeffrey B. Alliston signed for the delivery of the dispute letter.

15. In February 2012, Plaintiff contacted Equifax to follow up on the registered mail delivery and was told by Equifax that no record existed of receiving the registered mail.

16. At that time, the Equifax representative suggested sending the registered mail again. However, Plaintiff refused and instead made another dispute telephonically.

17. Plaintiff recalls that she spent an hour with a person named "Mary" from Equifax's "Mix Department," reviewing the errors (which are stated above in ¶8) in Plaintiff's 28 page merged credit report dated January 11, 2012 line by line.

COMPLAINT                                         7

18. "Mary" said she would see to it that some of Plaintiff's inaccurate information was corrected, but first Plaintiff would have to send her a copy of her driver's license. Plaintiff asked "Mary" if someone at Equifax would follow up on the registered mail she had sent earlier, which had contained this information. "Mary" denied Plaintiff's request.

19. Plaintiff became frustrated by the failure of Equifax to respond to her "dispute." On February 5, 2012, she filed a complaint with the Federal Trade Commission via a person named "Ron," and was given a reference number, #35619275.

20. On March 9, 2012, Plaintiff received an e-mail confirming that Equifax received her dispute of January 25th, 2012. A confirmation number of 2065023249 was provided and the notice indicated it could take up to 45 days to complete the processing of Plaintiff's dispute.

21. On April 20, 2012, Plaintiff received an e-mail from Defendant Equifax stating it has completed the reinvestigation of her dispute confirmation number 2065023249 and that Plaintiff could view it online.

22. Defendant's delay in responding to Plaintiff's dispute of January 25th 2012 violates 15 U.S.C. § 1681i(a)(1)(A).

23. Plaintiff went online and reviewed the credit history and noted that there was still "mixed file" information on her credit report as follows:

a) Incorrect birth date;

b) Incorrect address;

COMPLAINT                                    8

c) Incorrect listing of former names used by her;

d) Place of employment;

e) Incorrect listing of companies who had made inquiries to her credit history; and,

f) The 10 page personal and private credit report was sent to an address Plaintiff has never lived at: P.O. Box 41, North Reading, MA 01864-0041.

24. In May 2012, Plaintiff contacted Equifax and explained in great detail the frustrating events of the past five months. A male Equifax representative instructed her to fax a copy of her driver's license and Social Security card.

25. Plaintiff then asked if she could speak to a manager and was connected to a male who said he was a "manager".

26. After explaining the situation and the various attempts she made to correct the situation to the male "manager," he told her to fax a copy of her driver's license and Social Security card. When she asked if she could fax the data directly to him for immediate confirmation of delivery he replied, "No, I can't do that". When she suggested he contact Jeffrey Alliston, who had signed for the dispute letter in February that had included the 28 page merged credit report, a copy of Plaintiff's driver's license and Social Security card, the male "manager" replied, "No, I can't do that".

27. On May 1, 2012, Plaintiff spoke to Ann at the FTC and reported these preposterous events at the hands of defendant Equifax.

COMPLAINT  9

28. On May 11, 2012, client met with Patelco Credit Union to inquire about home refinancing. Patelco turned her down, basing its decision on a credit report that had the same inaccurate information listed in ¶23 above.

29. Upon information and belief, Patelco indicated elements that adversely affected Plaintiff's credit score. The source of the inaccurate items in the report was Equifax.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby requests a trial by jury. US Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681e(b)

28. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

29. Defendant prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

30. Defendant willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to employ reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report concerning Plaintiff, which it disseminated to third persons such as current and prospective creditors full of

COMPLAINT                                   10

inaccurate and "mixed" information of another consumer.

31. As a result of Defendant's conduct, action and inaction, Plaintiff has suffered humiliation, mental anguish, sleeplessness, fatigue, frustration, anger, irritability, emotional distress and upset, and damages to her credit worthiness, which is defamation per se.

32. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act because Equifax was on full notice of what it was doing to destroy Plaintiff's credit history by mixing with another consumer's credit history.

33. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the Act.

## COUNT II.
## VIOLATION OF THE FAIR CREDIT REPORTING ACT –
## 15 U.S.C. § 1681b(a)

34. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

35. Defendant prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act and sent it to an incorrect address for Plaintiff that was identified as incorrect by plaintiff before the report was sent to N. Reading,

COMPLAINT                                       11

Massachusetts.

36. Defendant willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to employ reasonable procedures to assure Identity and purposes of the addressee in N. Reading, MA when Defendant Equifax sent the consumer credit report concerning Plaintiff to a third person who had the address of another consumer.

37. As a result of Defendant's conduct, action and inaction, Plaintiff has suffered humiliation, mental anguish, sleeplessness, fatigue, frustration, anger, irritability, emotional distress and upset, and damages to her credit worthiness, which is defamation per se.

38. Defendant's conduct, actions and inactions were willful, because of prior notice of the inaccurate address in N. Reading, MA., rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act because Equifax was on full notice of what it was doing by sending her credit history to another consumer's address.

39. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the Act.

## COUNT III.
## VIOLATION OF THE FAIR CREDIT REPORTING ACT –
## 15 U.S.C. § 1681i(a)(1)&(4)&(5).

40. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

41. Defendant prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

42. Defendant willfully and/or negligently violated 15 U.S.C. § 1681i(a) and its subparts by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with the law.

43. As a result of Defendant's conduct, action and inaction, Plaintiff has suffered humiliation, mental anguish, sleeplessness, fatigue, frustration, anger, irritability, emotional distress and upset, and damages to her credit worthiness, which is defamation per se.

44. Defendant's conduct, actions and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act because Equifax was on full notice of what it was doing to destroy Plaintiff's credit history by mixing with another consumer's credit history and not correcting it when Plaintiff disputed.

45. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the Act.

**WHEREFORE**, Plaintiff prays that judgment be entered against these Defendants for:

a) Actual damages in an amount to be determined at trial;

b) Statutory and punitive damages in an amount to be determined at trial against Defendant;

c) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1681 *et seq.* against Defendant;

d) Injunctive relief for an accurate credit report; and

e) Other and further relief as the Court may deem just and proper.

Dated this 10th day of September, 2012.    Respectfully submitted,


By: /s/ Sara Lipowitz
Sara Lipowitz, Esq.
**Law Office of Sara J. Lipowitz**
303 Potrero Street, Suite 50
Santa Cruz, CA 95060
Phone: 831-427-0546
Fax: 831-427-0530

Thomas J. Lyons, Esq.
Attorney I.D. #: 65699
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:(651) 704-0907
tlyons@lyonslawfirm.com
(*Will Apply for Pro Hac Vice*)

Thomas J. Lyons, Jr. (#0249646)
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommycjc@aol.com
(*Will Apply for Pro Hac Vice*)

**ATTORNEYS FOR PLAINTIFF**

COMPLAINT                                    14

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF ~~CALIFORNIA~~ Washington )
                                    ) ss
COUNTY OF Kitsap )

Donna L. Moore, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*Donna L. Moore* (signed)

Donna L. Moore

Subscribed and sworn to before me this 31 day of August, 2012.

*Susan M. Huddleston* (signed)
Notary Public

SUSAN M. HUDDLESTON
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
APRIL 22, 2016

- 1 -